IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ROBERT DUNLAP, et al.,

    Plaintiffs,

v.                            CIVIL ACTION NO. 1:16-11535

MONROE COUNTY BOARD
OF EDUCATION,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Monroe County Board of Education's ("Monroe County BOE" or "BOE") motion to dismiss. (ECF No. 11). For reasons appearing to the court, that motion is **GRANTED** in part and **DENIED** in part.

**I. Background**

According to the complaint, the allegations of which are taken as true for purposes of this motion, during the 2015-2016 school year, K.S. was a kindergarten student at Peterstown Elementary School in Monroe County, West Virginia. See Complaint ¶ 7. During this timeframe, K.S. rode a school bus that was operated by defendant Monroe County Board of Education ("Monroe County BOE" or "BOE"). See id. at ¶ 8. Richard Riffe, an employee of Monroe County BOE, was one of the drivers of K.S.'s bus. See id. Students of all ages, from kindergarten through high school, rode K.S.'s bus. See id. at ¶ 9. One student

riding on the bus with K.S. was B.B., a minor whose date of birth is December 8, 2000. See id. at ¶ 10.

Plaintiff Lynda Dunlap is K.S.'s biological grandmother. See id. at ¶ 2. The parental rights of K.S.'s biological mother have been terminated and Robert and Lynda Dunlap were appointed the guardians of K.S. See id. at ¶ 3. K.S. has resided with the Dunlaps since he was a few months old. See id. On or about January 12, 2016, Robert Dunlap met K.S. at the bus stop near their home as he usually did at the end of the school day. See id. at ¶ 14. After getting off the bus, K.S. asked Mr. Dunlap to help him zip up and button his pants. See id. Finding it "odd" that K.S.'s pants were unzipped and unbuttoned, Mr. Dunlap questioned K.S. about why his pants were unzipped and K.S. informed "Mr. Dunlap that he and B.B. had been playing a new `doctor' game." Id.

The next day, January 13, 2015, the Dunlaps reported the incident to Lisa Mustain, the principal at James Monroe High School. See id. at 15. As a result of a meeting between the Dunlaps, Mustain, and Monroe County Deputy Sheriff M.J. Heller, an appointment was scheduled for K.S. to be interviewed by a child abuse expert at the Child and Youth Advocacy Center ("CYAC"). See id. at 16. During a forensic interview at the CYAC on January 14, 2016, "K.S. disclosed that B.B. had sexually assaulted him on many occasions by performing oral sex on him and

by fondling or groping him.  These sexual assaults occurred on the bus." Id. at 17.  Surveillance videos from the bus corroborated K.S.'s account of the abuse.  See id. at 20-21.

On November 30, 2016, the Dunlaps filed the instant complaint on their own behalf and as the guardians and next friends of K.S.  Named as a defendant is Monroe County BOE.  Count I is a claim for violation of Title IX and Count II is a claim for vicarious liability.  Counts III-V are claims for negligent training, negligent supervision, and negligent retention.

The BOE has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Specifically, the BOE argues that the Title IX claim on K.S.'s behalf fails because it fails to plead facts sufficient to establish that:  1) K.S. was subjected to harassment based upon his sex; 2) the BOE was deliberately indifferent in its response to the sexual assault of K.S.; and 3) the BOE had actual knowledge of the sexual assault of K.S. by B.B.  As to the Title IX claim brought by the Dunlaps on their own behalf, the BOE asserts that it must be dismissed because the Dunlaps lack standing to bring it.  Finally, defendant argues that the remaining claims brought by the Dunlaps on their own behalf must be dismissed for failure to state a claim upon which relief can be granted.

## II. Standard of Review

"[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) (citation omitted) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957), and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Ibarra v. United States, 120 F.3d 474, 474 (4th Cir. 1997).

In evaluating the sufficiency of a pleading, the cases of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), provide guidance. When reviewing a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, a court must determine whether the factual allegations contained in the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (quoting Conley v.

4

Gibson, 355 U.S. 41, 47 (1957); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 127 S. Ct. at 1969. As the Fourth Circuit has explained, "to withstand a motion to dismiss, a complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" Painter's Mill Grille, LLC v. Brown, 716 F.3d 342, 350 (4th Cir. 2013) (quoting Twombly, 550 U.S. at 570).

According to Iqbal and the interpretation given it by our appeals court,

> [L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes. See Iqbal, 129 S.Ct. at 1949. We also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009); see also Iqbal, 129 S. Ct. at 1951-52.
>
> Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, the complaint's factual allegations must produce an inference of liability strong

> enough to nudge the plaintiff's claims
> "'across the line from conceivable to
> plausible.'" Id. at 1952 (quoting Twombly,
> 550 U.S. at 570, 127 S.Ct. 1955).
>
> Satisfying this "context-specific" test does
> not require "detailed factual allegations."
> Id. at 1949-50 (quotations omitted). The
> complaint must, however, plead sufficient
> facts to allow a court, drawing on "judicial
> experience and common sense," to infer "more
> than the mere possibility of misconduct."
> Id. at 1950. Without such "heft," id. at
> 1947, the plaintiff's claims cannot establish
> a valid entitlement to relief, as facts that
> are "merely consistent with a defendant's
> liability," id. at 1949, fail to nudge claims
> "across the line from conceivable to
> plausible." Id. at 1951.

Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009).

### III. Analysis

A. *Sufficiency of Title IX allegations*

Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . . ." 20 U.S.C. § 1681(a). Monroe County BOE argues that the Title IX claim is subject to dismissal because it "fail(s) to allege that K.S. was subjected to harassment based upon his sex. . . ." ECF No. 12 at p.5. The BOE goes on to state "[t]he sexual harassment that is at issue in the instant matter is sexual harassment that occurred between K.S., a male,

6

and B.B., a male, while allegedly being supervised by a male bus driver, Mr. Riffe." Id. The BOE's argument is without merit.

First, the complaint clearly alleges that K.S. was subjected to harassment and abuse based on sex and states sufficient facts in support of that allegation including, but not limited to, the following:

> On January 14, 2016, K.S. disclosed that B.B. had sexually assaulted him on many occasions by performing oral sex on him and by fondling or groping him. These sexual assaults occurred on the Bus.
>
> * * *
>
> K.S. was subjected to repeated sexual harassment and sexual abuse on the Bus that was perpetrated by a fellow student, B.B. Such sexual harassment and abuse was severe, pervasive, and objectively offensive for many reasons, including but not limited to the following:
>
> a. it included repeated acts of unwanted sexual contact and sexual intercourse, as those terms are defined by West Virginia law.
>
> b. it was perpetrated by a fifteen-year-old boy on a 5-6 year old boy who was half the size of the perpetrator.
>
> c. it occurred on the Bus, which was being supervised by Mr. Riffe and others at various times.

Complaint at ¶¶ 17 and 55. Accordingly, the sexual abuse/harassment allegations are sufficiently pled.

To the extent that defendant appears to argue that plaintiffs cannot maintain a Title IX sexual harassment/abuse claim because the victim and abuser/harasser are of the same sex,

7

such an argument is without merit. "Where, as here, the harasser is the same sex as the victim, demonstrating that the harassment was based on sexual desire suffices to show that the harassment was based on the victim's sex." Doe v. Board of Educ. of Prince George's Cty., 888 F. Supp.2d 659, 665 (D. Md. 2012); see also Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998) (holding that, in the Title VII context, a same-sex plaintiff can show that harassment is based on sex if he can show the harassment was motivated by sexual desire). In Prince George's County, the court concluded that plaintiff's Title IX claim adequately alleged that the harasser's conduct was based on the victim's sex:

> In this case, the allegations support the inference that Classmate's challenged conduct sprang from sexual desire. Plaintiffs allege that Classmate repeatedly made sexually explicit remarks to J.D. Plaintiffs further allege that Classmate exposed his genitalia to J.D. and forced J.D. to touch them. Additionally, Plaintiffs allege the Classmate forced J.D. to perform sex acts on him. Accordingly, Plaintiffs have adequately alleged that the harassing conduct was based on sex.

Prince George's County, 888 F. Supp.2d at 665. In this case, the allegations regarding B.B.'s sexual contact with K.S. are clearly sufficient to imply that the harassment herein was based on sex.

Furthermore, numerous courts have recognized that same-sex harassment is actionable under Title IX. See, e.g., Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 66 (1st Cir. 2002) ("We therefore hold that a hostile environment claim bases upon same-

sex harassment is cognizable under Title IX."); D.V. by and through B.V. v. Pennsauken Sch. Dist., 247 F. Supp.3d 464, 476 (D.N.J. 2017) ("[T]he court accepts that Title IX encompasses same-sex sexual harassment."); Doe v. Brimfield Grade School, 552 F. Supp.2d 816, 822-23 (C.D. Ill. 2008) (holding that claims of same-sex harassment are viable under Title IX); Theno v. Tonganoxie Unified Sch. Dist. No. 464, 377 F. Supp.2d 952, 963 (D. Kan. 2005) ("Therefore, the court readily concludes that same-sex student-on-student harassment is actionable under Title IX to the same extent that same-sex harassment is actionable under Title VII."); cf. Doe ex rel. Doe v. Dallas Indep. Sch. Dist., 153 F.3d 211, 219 (5th Cir. 1998) (noting that the defendants conceded in light of Oncale that same-sex sexual harassment is actionable under Title IX).

"To establish a Title IX claim, a plaintiff must show that a funding recipient acted with deliberate indifference to known acts of sexual harassment so severe, pervasive, and offensive that the harassment deprived the plaintiff of access to educational opportunities or benefits." Feminist Majority Found. v. Univ. of Mary Washington, Civil Action No. 3:17-cv-00344-JAG, 2017 WL 4158787, *3 (E.D. Va. Sept. 19, 2017) (emphasis added). The BOE also argues that the complaint fails to state sufficient factual allegations to show that defendant had actual knowledge of the sexual assault of K.S. by B.B. However, plaintiffs

specifically allege that the BOE, "through its employees, Mr. Riffe and others, had actual knowledge of the inappropriate sexual behavior by B.B. against K.S." Complaint ¶ 56. The complaint further alleges that B.B. sexually abused K.S. on numerous occasions and that surveillance videos from the school bus show this abuse or, at a minimum, suspicious behavior that should have alerted Riffe to the abuse. Drawing all reasonable inferences in plaintiffs' favor, as the court must at this stage of the proceedings, the court concludes that the complaint sufficiently <u>alleges</u> that defendant had actual notice of the alleged harassment/abuse.[1] Whether plaintiffs will be able to produce evidence showing such actual knowledge can be addressed on summary judgment.[2] Likewise, defendant's argument that the

---

[1] Because defendant does not even mention the issue, the court does not consider whether actual knowledge by Riffe of the abuse could be imputed to the BOE for purposes of Title IX liability.

[2] Plaintiffs' complaint and their opposition to the motion to dismiss suggest that actual notice and/or deliberate indifference might be demonstrated by pointing to other instances of misconduct on buses not involving K.S. or B.B. or prior inappropriate conduct by B.B. not involving K.S. See Complaint ¶¶ 34-41. However, the United States Court of Appeals for the Fourth Circuit has adopted a more exacting standard and held "that Title IX liability may be imposed only upon a showing that school district officials possessed actual knowledge of the discriminatory conduct in question." <u>Baynard v. Malone</u>, 268 F.3d 228, 238 (4th Cir. 2001); see also <u>Facchetti v. Bridgewater College</u>, 175 F. Supp.3d 627, 639 (W.D. Va. 2016) ("[Plaintiff] cites to a number of cases for the proposition that prior harassing conduct need not be `plaintiff specific' or involve the same perpetrator that assaulted the plaintiff for a university's deliberate indifference to prior complaints to result in Title IX

10

complaint fails to adequately plead deliberate indifference is best resolved by a motion under Rule 56 and, therefore, defendant's motion to dismiss for this reason is likewise denied.[3]

B.  *Dunlaps' Standing under Title IX*

The Monroe County BOE also argues that Robert and Lynda Dunlap lack standing to bring individual claims under Title IX. The court agrees with defendant.  Indeed, numerous courts have so held and plaintiffs have not pointed to any authority to suggest otherwise.  See, e.g., Phillips v. Anderson Cnty. Bd. of Educ., 259 F. App'x 842, 843 n.1 (6th Cir. 2008) (per curiam) (noting that, in light of plaintiff's concession, district court correctly dismissed her father for lack of standing based on fact that he was neither potential beneficiary of federally funded program nor employee of such program so he could not assert his own claims under Title IX); Rowinsky v. Bryan Indep. Sch. Dist., 80 F.3d 1006, 1009 n.4 (5th Cir. 1996) ("We conclude that Rowinsky does not have standing to assert a personal claim under title IX.  It is undisputed that she has standing, as next of friend, to assert the claims of her daughters, but nothing in the

---

liability. . . .  In the Fourth Circuit, though, there is a requirement that the defendant have actual notice of harassment against the plaintiff.").

[3] This is especially true given the parties' dispute as to whether and when defendant had actual notice.

statutory language provides her with a personal claim under title IX."); Lopez v. Regents of the Univ. of California, 5 F. Supp.3d 1106, 1114 (N.D. Cal. 2013) (acknowledging that parents do not have standing to assert "a personal claim under Title IX" but that they may "assert Title IX claims on behalf of a student") (emphasis in original); HB v. Monroe Woodbury Cent. Sch. Dist., No. 11-CV-5881 (CS), 2012 WL 4477552, *18 (S.D.N.Y. Sept. 27, 2012) (holding parents lacked "standing to pursue Title IX claims on their own behalf."); Jones v. Beverly Hills Unified Sch. District, No. WD CV 08-7201-JFW (PJW), 2010 WL 1222016, *2 (C.D. Cal. Mar. 24, 2010) ("Plaintiff Chelsea Jones, therefore, has the right to pursue a private cause of action under Title IX. But, her mother does not."); Seiwert v. Spencer-Owen Community School Corp., 497 F. Supp.2d 942, 954 (S.D. Ind. 2007) ("[I]t is apparent from the language of Title IX that a parent lacks standing to bring a cause of action in their individual capacity based on Title IX. Title IX only protects against actions that interfere with educational opportunities or activities. Because there are no educational opportunities or activities that the parents are excluded from, they have no claim."); Haines v. Metro. Gov't of Davidson County, Tenn., 32 F. Supp.2d 991, 1000 (M.D. Tenn. 1998) ("Defendants correctly state that, typically, a parent may not bring a claim under Title IX. . . . As noted above, the parents of a child suing under Title IX cannot bring

an action to recoup such expenses unless suing on behalf of their daughter or son."). For this reason, the motion to dismiss the Dunlaps' Title IX claims on their own behalf is **GRANTED**.

    C.   *Sufficiency of Allegations Regarding Dunlaps' Individual Claims*

Defendant argues that the Dunlaps' other claims in their individual capacities, Counts II through V, should be dismissed. Without much discussion, defendants contend that the "factual allegations are insufficient to allow Plaintiffs Robert and Lynda Dunlap, in their individual capacities, to recover under any of the causes of action set forth in the Complaint." ECF No. 12 at p.8. Defendant does not even enumerate what those claims are – negligence/vicarious liability (Count II) and negligent training, supervision, and retention (Counts III-V). Furthermore, defendant does not seek dismissal of the Dunlaps' claims on behalf of K.S., an implicit acknowledgment that those claims are adequately pled. The court finds that Counts II-V are adequately pled. Given that defendant fails to offer any other reason why the Dunlaps might not pursue such claims on their own behalf, the motion to dismiss these claims is **DENIED**. Defendant is, however, free to seek dismissal of those claims via a motion for summary judgment.

## IV. Conclusion

For the reasons discussed above, the motion to dismiss is **GRANTED** in part and **DENIED** in part. The Clerk is requested to

send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 18th day of October, 2017.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge